Nott; J.,
delivered the opinion of the court :•
This is an action brought to recover the net proceeds of fifty-seven *196 bales of upland cotton and four bales of sea-island, amounting in the aggregate to $17,297 79.
The claimant was a British subject, residing at Charleston. He does not pretend to owe or to have rendered any loyalty or services to the United States, but to have been averse, or, at least, indifferent to the late confederacy, and to have stood rigidly upon his rights and duties as a foreign neutral. Her Britannic Majesty’s consul at Charleston is a witness in the case and testifies:
“ My predecessor issued protection papers to Roderick Byrnes, but I signed them. These now shown me and marked exhibit C are they, and I offer them as part of this deposition. The propriety of issuing it was inquired into by my predecessor. It is genuine and was issued on the day of its date. Byrnes called upon me frequently, and I think I was sufficiently acquainted with him to know everything that he did. As to his general conduct he was perfectly consistent in his neutrality. The paper was issued to Byrnes upon my personal recommendation. The usual plan was to require parties to bring testimonials from parties with whom the consulate was acquainted.”
The “protection papers” referred to by the British consul are as follows:
“ No. 528.] “ BRmsír Consulate,
“ Charleston, South Carolina.
“ I hereby declare that I have good reason to believe, after careful examination, that the bearer, Roderick Byrnes, a native of Ireland, is a subject of her Britannic Majesty, who has never forfeited his claim to the protection of the Queen by becoming a subject or a citizen of any foreign state.
“ Given under my hand and seal of office, at the city of Charleston, this 18th day of December, 1862.
“H. Pinckney Walker,
“ British Vice-Consul.
“ Bearer’s siguature :
“RodeRick Byrnes.”
There is also other testimony to show that the claimant took no part in the rebellion and remained consistently neutral until its end.
In the latter part of 1862, the claimant and one Cunningham bought 116 bales of cotton in the country, although it was not paid for or delivered until the 22d July, 1S63, and was delivered subsequently. This cotton, at a later day, was divided by the partners, and 58 bales came to the individual possession of the claimant. He *197 also bought, January 18, 1S65, four bales of sea-island cotton from a cotton broker named Barnwell. When the city fell into the hands of United States forces, the cotton of the claimant was seized as captured property, and the registration hook of the quartermaster shows that four hales of sea-island and fifty-seven bales of upland came into the possession of the defendants.
The first question which arises in the case rests on the neutral character of the claimant. The cotton was in his actual possession when captured, and he was a British subject, consistently neutral, and under the immediate protection of bis consul. Such property was not the subject of capture, nor could it be said to he “ abandoned” within the meaning of the “Abandoned or captured property act.” It is probable that if the case had been brought to the proper attention of the State Department, the government would have restored the property or paid its full value. But the proceeds of this cotton are undoubtedly now in the treasury, and the claimant having waived his political claim and availed himself of the statute, must he limited to the precise relief which the statute gives. That relief is the net proceeds, and not the full or original value of the cotton. Neither is there anything in the act which limits its benefits to those who are citizens of the United States. It does not require that the claimant shall he a citizen, hut allows “ any ■person ” whose property has been seized and sold to avail himself of the remedy it gives ; nor does it provide that the claimant shall establish his position, sympathy, and loyalty, but simply that he shall prove to the satisfaction of the court that he has not given “ aid, or comfort ” to the rebellion. This the claimant has done, and we think he should recover.
The judgment of the court is that the claimant recover the net proceeds of 4 hales of Charleston sea-island cotton, ($940 56,) and of 57 bales of upland, ($7,478 40,) amounting in the aggregate to $S,41S 96.